ALICE NEARING, Respondent, *v.* FRANK VAN FLEET, Appellant.

*Breach of promise of marriage — corroboration of the plaintiff — amount of damages — postponement of the wedding day — variance in the proof as to the date of the promise.*

It is not essential to a recovery in an action brought for a breach of a promise of marriage that the testimony of the plaintiff as to the making of the verbal promise should be corroborated by another witness; but sufficient corroboration may be derived from the conduct of the parties.

HUN — VOL. LXXI.      18

SECOND DEPARTMENT, JULY TERM, 1893.                    [Vol. 71.

A verdict for $5,000, rendered in an action brought for the recovery of damages for a breach of a promise of marriage, aggravated by seduction, *held,* not to be excessive.

The mere consent, by one party to an engagement of marriage, to a postponement of the wedding day, does not relieve the other party from his promise to marry.

The complaint in an action brought to recover damages for a breach of a promise of marriage alleged that the promise was made in August of a certain year, but there was evidence that marriage had been spoken of on several occasions. *Held,* that the exact time was not material, and that if the promise was made the last of July or the first of September, there was not a material variance in the proof from the complaint.

APPEAL by the defendant, Frank Van Fleet, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Orange county on the 22d day of June, 1892, upon a verdict rendered at the Orange Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

The amount of the verdict was $5,000.

*Lewis E. Carr,* for the appellant.

*William H. Crane,* for the respondent.

PRATT, J.:

This is an appeal from a judgment entered upon a verdict, and also from an order denying a motion for a new trial.

The action is for damages for a breach of promise of marriage alleged to have been made during the month of August, 1888, aggravated by an alleged seduction.

The first point made by the appellant is that there was not sufficient corroboration of the plaintiff to warrant the submission of the case to the jury. We do not see the case in that light. There was evidence of his own admissions that he frequently called on her and took her out riding; also evidence of others as to the attentions he paid her, and that during all the time she received no other male company.

Again, the declaration of defendant to the doctor who attended the plaintiff shows a knowledge upon the part of the defendant not consistent with his testimony upon the trial.

The defendant seems to feel aggrieved because there was no witness except the plaintiff heard him make the promise of marriage. We do not think it unusual or strange that the engagement was not made in the presence of third parties. The conduct of the parties

was not only consistent with such an assumption, but furnishes a high degree of proof of such fact. It is difficult to see how, upon the proof, the jury could have reached any other conclusion.

The damages were not excessive. In fact a much larger sum might have been justly awarded.

It seems there were several promises made to marry. One in the fall of 1888, just prior to the seduction of the plaintiff, and again some time after the miscarriage. Now, because the plaintiff consented to wait two years, that did not relieve the defendant from his promise to marry, but it was a mere postponement of the wedding day, and it is not that contract that is sued upon.

Neither do we think the exception to the refusal of the judge to charge that if the jury believed the contract was not made in August, 1888, they must find for the defendant, was error.

It is true the allegation in the complaint was that the promise was made in August, but the exact time was not material, but the conclusive answer to the proposition is that there was evidence that marriage had been spoken of on several occasions, and if it was made the last of July or the first of September, it was not a material variance.

The judgment must be affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Order denying new trial affirmed, with costs.